EL PUEBLO DE PUERTO RICO, recurrido, *v.* CARMELO VÁZQUEZ
MÉNDEZ y OTRO, peticionarios.

Número: O-85-138        Resuelto: 8 de abril de 1986

*Miguel A. Chaar Cacho*, abogado de los peticionarios; *Américo Serra, Procurador General Interino, Doris Zoé Pons Pagán, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El caso de autos nos brinda la oportunidad de aclarar a qué parte le corresponde el "peso de la prueba" en relación con una solicitud de supresión de evidencia presentada por el acusado al amparo de las disposiciones de la Regla 234 de las de Procedimiento Criminal. [1]

## I

Los peticionarios se encontraban pescando, junto a otras personas, en una de las playas del pueblo de Arecibo, Puerto Rico. Un grupo de agentes de la División de Drogas y Narcóticos de la Policía de Puerto Rico, quienes se encontraban en labor de "ronda preventiva", intervinieron con los mismos, procediendo al arresto de los peticionarios, luego de registrarles y ocuparles a éstos tres (3) cigarillos de marihuana y material relacionado con dicha droga narcótica.

---

[1] La única ocasión anterior en que este Tribunal ha tenido la oportunidad de expresarse al respecto lo constituye el caso de *Pueblo* v. *López Rivera*, 89 D.P.R. 791 (1964). A esos efectos, véase escolio 10, a la pág. 810 de la referida decisión.

Los peticionarios radicaron una moción de supresión de evidencia donde alegaron que la evidencia arriba indicada había sido ocupada en "violación de los derechos constitucionales de los imputados, con motivo de la realización de un registro ilegal sin razón ni justificación para el mismo". El día de la vista señalada para la discusión de la referida moción, los peticionarios presentaron tres (3) testigos. El testimonio de los mismos —según ello surge de la resolución enmendada que emitiera el Tribunal Superior de Puerto Rico, Sala de Arecibo— en la mencionada vista fue a los efectos de que:

Los promoventes presentaron como testigo, para sostener sus alegaciones, al Agente Wilfredo Juan Feliciano—Placa #1223, quien básicamente declaró que en unión a otros agentes de la División de Drogas y Narcóticos de Arecibo, realizaron una ronda preventiva cerca del paseo Víctor Rojas, conocido también como El Fuerte. Que al llegar a dicha área, mientras dicho agente conducía un auto Nova azul, el resto del personal realizaba ronda a pie. Que ve cuando el agente Rafael Camacho—Placa #2529, interviene y pone bajo arresto a dos individuos. Que el agente Camacho procede a registrar al otro co-acusado, Víctor M. Mendoza Heredia y el testigo, a ruegos del agente Camacho, registra al otro co-acusado, Carmelo Vázquez Méndez, ocupándole en el bolsillo izquierdo delantero de su pantalón mahón azul una bolsa plástica transparente conteniendo anzuelos, un estuche de papel para enrolar cigarrillos y una envoltura de papel periódico conteniendo picadura de supuesta marihuana. Al intervenir el agente Wilfredo Juan con el peticionario Carmelo Vázquez, éste último se encontraba al otro lado de la baranda que da hacia el mar en el paseo Víctor Rojas #2. El peticionario Carmelo Vázquez, había sido previamente puesto bajo arresto por el agente Rafael Camacho, adscrito a la sección de drogas y narcóticos de Arecibo, Puerto Rico, por razones que desconocía el agente Wilfredo Juan. Que la evidencia ocupada la entregó al agente José L. González, quien realizó la prueba de campo dando positivo a marihuana.

Que en el contrainterrogatorio del agente Wilfredo Juan, el Fiscal no le hizo pregunta alguna.

·Como segundo testigo la defensa sentó al co-acusado Carmelo Vázquez Méndez, quien declaró que los agentes irrumpieron en el área donde él, junto a otros compañeros pescaban, y procedieron a registrarlo ocupándole la evidencia antes indicada. El peticionario, Carmelo Vázquez, declaró que se encontraba al otro lado de la baranda pescando cuando los agentes intervinieron con él. Declaró, además, que los agentes registraron a Víctor M. Mendoza, ocupándole dos cigarrillos de marihuana. Que desconoce porqué [*sic*] razón lo registraron, pues sólo estaban pescando como de costumbre. Presentó, además, al señor Ramón Ruiz López, quien básicamente testificó de que conoce a Carmelo Vázquez Méndez hace alrededor de cuatro o cinco años en la pezca [*sic*]. Que conoce también al otro imputado hace siete años porque trabajó con él en el garage de hojalatería y pintura, propiedad de Ruiz. El día de los hechos, cuando los agentes del orden público intervinieron con ellos, él estaba como a diez o quince pies de los imputados y que no pudo precisar o ver lo que se les ocupó. Declaró, además, el señor Ramón Ruiz López, que los agentes lo registraron a él y a su vehículo sin ocuparle evidencia alguna y que no sabe porqué los registraron.

Terminado el interrogatorio directo y el contrainterrogatorio de los referidos testigos, *el Ministerio Público* "anunció que no iba a presentar prueba alguna". No obstante ello, surge de la resolución enmendada antes mencionada que el magistrado que presidió la vista *expresó y resolvió:*

Escuchados los argumentos finales de la defensa, el representante del Ministerio Público, Hon. Fiscal Norberto Irizarry Blasco, solicitó del Tribunal declarara No Ha Lugar la Moción sobre Supresión de Evidencia, *pues la defensa no había colocado al Tribunal en posición de aquilatar los motivos fundados que pudo haber tenido o no haber tenido el Agente Rafael Camacho, Placa—#2529, para intervenir con los acusados.* Que la defensa sentó al Agente Wilfredo Juan Feliciano, Placa—#1223, cuya única participación fue registrar al co-acusado Vázquez Méndez luego de haber sido puesto bajo arresto por el Agente Camacho.

*Entendemos que le asiste la razón al Ministerio Público.* La defensa no ha colocado a este Tribunal en posición de

conocer qué motivos o razones, si alguna, llevó al Agente Camacho a intervenir con los co-acusados, al no sentarlo como testigo. (Énfasis suplido.)

## II

La Sec. 10 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico dispone, en lo pertinente, que no se violará el derecho del pueblo a la protección de sus personas, cosas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables; que sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial y ello, únicamente, cuando exista causa probable apoyada en juramento o afirmación, describiendo el lugar a registrarse y las personas a detenerse o las cosas a ocuparse, y que la evidencia obtenida en violación de esta sección será inadmisible en los tribunales de justicia.

De fundamental importancia para la cuestión aquí en consideración resulta ser la norma establecida por este Tribunal a los efectos de que "una incautación sin orden judicial produce una *presunción de invalidez* sujeta a ciertas y limitadas excepciones". (Énfasis suplido.) *Pueblo* v. *Lebrón*, 108 D.P.R. 324, 329 (1979).[2]

---

[2] En *Pueblo* v. *González Rivera*, 100 D.P.R. 651 (1972), citando exclusivamente jurisprudencia del Tribunal Supremo de Estados Unidos, señalamos, a las páginas 656–657, cuáles eran esas excepciones. Dijimos entonces que:

"Entre las pocas excepciones señaladas por aquel alto tribunal, figuran el registro incidental a un arresto legal, *Agnello* v. *United States*, 269 U.S. 20, 70 L.Ed. 147; *Preston* v. *United States*, 376 U.S. 364, 11 L.Ed.2d 777; el registro de un vehículo de motor, barco o vagón cuando existe causa probable para creer que se transporta mercancía de contrabando o prohibida por ley. *Carrol* v. *United States*, 69 L.Ed. 542; *Hasty* v. *United States*, 75 L.Ed. 624; *Brinegar* v. *United States*, 93 L.Ed. 1879, cuando el vehículo ha sido confiscado y el registro posterior del vehículo está relacionado con la razón por la cual se arrestó a su ocupante, *Cooper* v. *California*, 386 U.S. 58, 17 L.Ed.2d 730, cuando la propiedad a ser incautada está en proceso de destrucción o en inminente riesgo de ser destruida, *Johnson* v. *United States*, 92 L.Ed. 436; *McDonald* v. *United States*, 93 L.Ed. 155, o cuando las exi-

Cobran importancia, en su consecuencia, las disposiciones pertinentes de las Reglas de Evidencia para el Tribunal General de Justicia de 1979 relativas a lo que constituye una presunción y a los efectos de éstas en los procedimientos legales ante los tribunales de Puerto Rico.

La Regla 13 del citado cuerpo de reglas establece que:

Regla 13. *Definiciones*

(A) Una presunción es una deducción de un hecho que la ley autoriza a hacer o requiere que se haga de otro hecho o grupo de hechos previamente establecidos en la acción. A ese hecho o grupo de hechos previamente establecidos se le denomina hecho básico; al hecho deducido mediante la presunción se le denomina hecho presumido.

(B) La presunción es incontrovertible cuando la ley no permite presentar evidencia para destruir o rebatir la presunción, o sea, demostrar la inexistencia del hecho presumido. El resto de las presunciones de [*sic*] denominan controvertibles.

(C) Este Capítulo se refiere sólo a presunciones controvertibles.

La Regla 15, *en lo pertinente*, dispone que:

Regla 15. *Efecto de presunciones en casos criminales*

(A) En una acción criminal, cuando la presunción perjudica al acusado, su efecto es imponer a éste la obligación de presentar evidencia para rebatir o refutar el hecho presumido, salvo disposición estatutaria en contrario. La presunción no tendrá efecto alguno de variar el peso de la prueba sobre los elementos del delito o refutar una defensa del acusado.

---

gencias de las circunstancias hacen imperativo proceder a un registro previo al arresto como cuando de no efectuarse el registro se pone en peligro la vida de los agentes o de otras personas. *Maryland Penitentiary* v. *Hayden,* 387 U.S. 294, 18 L.Ed.2d 782; y cuando se da consentimiento para el registro o se renuncia al derecho constitucional contra registros y allanamientos irrazonables, *Zap* v. *United States,* 328 U.S. 624, 90 L.Ed. 1477."

(B) *Cuando la presunción beneficia al acusado ésta tendrá el mismo efecto que lo establecido en la Regla 14.* (Énfasis suplido.)

Por su parte la Regla 14 estatuye que:

Regla 14. *Efecto de las presunciones en casos civiles*

En una acción civil, una presunción impone a la parte contra la cual se establece la presunción el peso de la prueba para demostrar la inexistencia del hecho presumido. *Si la parte contra la cual se establece la presunción no ofrece evidencia para demostrar la no existencia del hecho presumido, el juzgador debe aceptar la existencia de tal hecho.* Si se presenta evidencia en apoyo de la determinación de la no existencia de tal hecho, la parte que interesa rebatir la presunción debe persuadir al juzgador de que es más probable la no existencia que la existencia del hecho presumido. (Énfasis suplido.)

■ De manera pues, que siendo la ley en nuestra jurisdicción que una incautación sin orden judicial produce una *presunción* de invalidez, *Pueblo* v. *Lebrón*, ante, favoreciendo obviamente dicha presunción al acusado en un caso criminal, Regla 15 de Evidencia, *ante*; hay que acudir a lo dispuesto por la Regla 14, la que a su vez dispone que la parte contra la cual se establece la presunción —en este caso el Ministerio Fiscal— viene obligada a ofrecer evidencia so pena de que el juzgador acepte la existencia del hecho presumido, o sea, la irrazonabilidad de la incautación efectuada.

Dicha conclusión encuentra apoyo en lo expresado por el comentarista W. R. LaFave en su obra *Search and Seizure*, Minnesota, West Pub. Co., 1978, Vol. III, págs. 137–138, a los efectos de que:

If warrantless seizures and searches are disfavored, then as a matter of policy it may make sense to allocate the burden of proof accordingly. Thus, when the police have proceeded without a warrant, the prosecution certainly should have the burden to which the Court has so frequently referred —that of showing exigent circumstances excusing

the obtaining of a warrant. But if the preference for warrants is to be taken seriously, the prosecution's burden should extend beyond this and include, in a without-warrant case, the burden of showing that the police acted upon probable cause. This is consistent with the Court's position in *United States* v. *Ventresca* "that in a doubtful or marginal case a search under a warrant may be sustainable where without one it would fail." Because "the principal significance of the burden of persuasion is limited to those cases in which the trier of fact is actually in doubt", it would seem that if the *Ventresca* pronouncement is to have any vitality the prosecution should have the burden in without-warrant cases and the defendant should have it in with-warrant cases.

Por los fundamentos antes expresados, resolvemos que una vez el acusado establece el hecho de que la evidencia objetada fue ocupada sin orden judicial previa de arresto o sobre registro y allanamiento, le corresponde al Ministerio Fiscal demostrar que el registro realizado —y por ende, la ocupación de la evidencia impugnada— fue uno legal y razonable. *A contrario sensu*, establecido el hecho de la existencia de una orden de arresto o de registro y allanamiento previa a la ocupación de la evidencia, la obligación anteriormente señalada le corresponde al promovente de la moción, o sea, al acusado.

La posición asumida por la mayoría de las jurisdicciones en Estados Unidos apoya la sabiduría de la norma que hoy reconocemos. La misma es la norma prevaleciente en la jurisdicción federal. Véanse: *United States* v. *Dart*, 747 F.2d 263 (4to Cir. 1984) ; *United States* v. *Impson*, 482 F.2d 197 (5to Cir. 1973) ; *United States* v. *Berick*, 710 F.2d 1035 (5to Cir. 1983), *cert.* denegado 104 S.Ct. 255; *United States* v. *Morgan*, 743 F.2d 1158 (1984) ; *Schnepp* v. *Hocker*, 429 F.2d 1096 (9no Cir. 1970) ; *United States* v. *Finefrock*, 668 F.2d 1168 (10mo Cir. 1982) ; *United States* v. *Bachner*, 706 F.2d 1121 (1983) ; LaFave, *Search and Seizure, op. cit.*, pág. 499. Ver además W. E. Ringel, *Searches and Seizures, Arrests and*

*Confessions,* 2da ed., Nueva York, Clark Boardman Co., Ltd., 1985, Vol. I, págs. 20-20 a 20-20.1.

Aun cuando algunos estados le imponen el peso de la prueba al Ministerio Fiscal en todos los casos[3], y otros, por el contrario, le imponen dicha obligación al acusado en forma uniforme[4], la inmensa mayoría de las jurisdicciones estatales siguen la regla vigente en la nuestra. Véanse: *Sawyer* v. *State,* 456 So. 2d 114 (Ala. 1984); *People* v. *Sommerhalder,* 508 P.2d 289 (Cal. 1973); *De La Cruz* v. *People,* Colo. 492 P.2d 627 (Colo. 1972); *Malcolm* v. *United States,* 332 A.2d 917 (D.C. 1975); *Mann* v. *State,* 292 So. 2d 432 (Fla. 1974); *Johnson* v. *State,* 313 N.E.2d 542 (Ind. 1974); *State* v. *Eubanks,* 355 N.W.2d 57 (Iowa 1984); *State* v. *Fauria,* 393 So. 2d 688 (La. 1981); *State* v. *Morales,* 176 N.W.2d 104 (Minn. 1970); *Gordon* v. *State,* 426 P.2d 424 (1967); *State* v. *Schneider,* 470 A.2d 887 (N.H. 1983); *State* v. *Brown,* 333 A.2d 264 (N.J. 1975); *State* v. *Willcutt,* 526 P.2d 607 (Or. App. 1974); *Lalande* v. *State,* 676 S.W.2d 115 (Tex. Crim. App. 1984); *State* v. *Mathe,* 688 P.2d 859 (Wash. 1984); *Morales* v. *State,* 170 N.W.2d 684 (Wis. 1969); LaFave, *op. cit.,* pág. 499.

---

[3] Véanse: *State* v. *Heald,* 314 A.2d 820 (Me. 1973); *Canning* v. *State,* 226 So. 2d 747 (Miss. 1969); Pa. Rules Crim. Proc. Sec. 323(h); Kan. Stat. 22-3216. Ver además W. E. Ringel, *Searches and Seizures, Arrests and Confessions,* 2da ed., Nueva York, Clark Boardman Co., Ltd., 1985, Vol. I, págs. 20-20 a 20-20.1. En esos estados se explica la regla a base de que, dado que es el estado quien interesa utilizar la evidencia, es a él que le corresponde demostrar su admisibilidad por haberse obtenido legalmente, W.R. LaFave, *Search and Seizure,* Minnesota, West Pub. Co., 1978, Vol. III, pág. 499.

[4] *E.g. People* v. *Ikerd,* 188 N.E.2d 12 (Ill. 1963); *State* v. *Holt,* 415 S.W.2d 761 (Mo. 1967); *State* v. *Mckenzie,* 608 P.2d 428 (Mont. 1980), *cert.* denegado, 449 U.S. 1050. Comúnmente se explica esta regla a base de que: a) el peso de la prueba debe estar sobre la parte que solicita la actuación del tribunal; b) le asiste una presunción de legalidad a las actuaciones de los agentes del orden público; c) la regla general es que evidencia pertinente es admisible, y las excepciones deben ser probadas por el que las reclama; d) tal regla sirve de disuasivo al uso innecesario del tiempo de los tribunales, LaFave, *op. cit.,* pág. 500.

Estas jurisdicciones —tanto estatales como en el foro federal— donde prevalece la regla mayoritaria, justifican la diferencia que se establece en cuanto al peso de la prueba a base de que a la actuación o determinación independiente del magistrado que expide la orden de arresto o de registro y allanamiento, le cobija una presunción de legalidad; mientras que en los casos en que no media orden judicial, son las agencias del orden público concernidas quienes están en control, y en conocimiento, de las circunstancias que justificaban la intervención e incautación de la evidencia. Véase *Malcolm* v. *United States*, ante. Esta posición encuentra apoyo en unas expresiones vertidas en varios casos por el Tribunal Supremo de Estados Unidos a los efectos de que siendo válido un registro sin orden sólo en circunstancias excepcionales, compete a la parte que alega la circunstancia excepcional demostrar su existencia. Véanse: *United States* v. *Jeffers*, 342 U.S. 48 (1951); *Chimel* v. *California*, 395 U.S. 752 (1969); *Vale* v. *Louisiana*, 399 U.S. 30 (1970), y *Coolidge* v. *New Hampshire*, 403 U.S. 443 (1971). Merece destacarse, por último, que dicho tribunal en el caso de *Bumper* v. *North Carolina*, 391 U.S. 543 (1968), resolvió que en casos donde no media una orden judicial previa, pero el Estado alega que el registro fue "consentido" por el acusado, le corresponde siempre el peso de la prueba al Ministerio Fiscal.

## III

A la luz de lo antes expresado, la resolución emitida por el foro de instancia en el presente caso declarando sin lugar la moción de supresión de evidencia radicada por el acusado-peticionario no puede prevalecer. En vista de la norma establecida, una vez el acusado-peticionario demostró que los agentes habían actuado sin que mediara orden judicial previa para el arresto o registro, le correspondía al Estado demostrar la legalidad y razonabilidad de la actuación de los agentes del orden público. El aquí peticionario, como hemos visto,

no sólo presentó prueba de lo antes mencionado sino que —sin tener obligación legal de así hacerlo— adujo evidencia tendente a demostrar que él y sus acompañantes se encontraban en el lugar dedicándose meramente a la pesca, en otras palabras, que no existía circunstancia alguna que pudiera llevar a un agente del orden público a tener los motivos fundados de que habla la Regla 11 de las de Procedimiento Criminal para proceder a efectuar un arresto sin orden judicial previa. No habiendo cumplido el Ministerio Público con la obligación antes mencionada, procedía que se declarase con lugar la moción de supresión radicada.

Por los fundamentos antes expuestos, *se expide el auto solicitado, y se dictará sentencia revocatoria de la resolución recurrida emitida por el Tribunal Superior de Puerto Rico, Sala de Arecibo, en el presente caso.*