# 95 DTA 136

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE

EL PUEBLO DE PUERTO RICO
Recurrido

v.

EDWARD BARRIERA RUIZ Y LOURDES SANTIAGO MEJIAS
Peticionarios

Núm. KLCE-95-00148

San Juan, Puerto Rico, a 18 de mayo de 1995

Panel integrado por su presidente, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda de Hostos

Broco Oliveras, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los acusados-peticionarios de epígrafe recurren ante nos de la resolución emitida por la Honorable Eliadís Orsini Zayas, del Tribunal de Primera Instancia, Sala Superior de Ponce, en el caso de *El Pueblo de Puerto Rico v. Edward Barriera Ruiz y Lourdes Santiago Mejías,* Criminal número JSC94G0932, que denegó la moción de supresión de evidencia presentada por ellos al amparo de la Regla 234(f) de Procedimiento Criminal.

Solicitan que se revoque dicha resolución.

A los peticionarios se les imputa infringir los Arts. 401 y 404 de la Ley de Sustancias Controladas. Contra cada uno de los acusados-peticionarios se formularon dos denuncias. En la Vista Preliminar de estos casos se determinó causa probable para acusar en contra de ellos y quedaron citados para el acto de lectura de la acusación.

Se celebró el acto de lectura de la acusación, entregándosele a los acusados-peticionarios los pliegos acusatorios correspondientes. El 11 de enero de 1995 los acusados-peticionarios radicaron la moción solicitando la supresión de evidencia, objeto de este recurso. El Ministerio Público presentó escrito en oposición a la referida moción de supresión de evidencia.

La vista evidenciaria en que se discutiría y dilucidaría la moción de supresión de evidencia fue señalada para el día 24 de febrero de 1995, pero la misma no se celebró. El Tribunal se basó en las alegaciones escritas y denegó la petición de vista evidenciaria por separado para dilucidar los aspectos de la moción de supresión y, en los méritos, denegó la moción de supresión.

Su resolución se basó en que el Magistrado que expidió la orden, al hacer la determinación de causa probable para dicha expedición, tuvo base razonable suficiente para expedirla. *Pueblo v. Muñoz Santiago,* ___ D.P.R. ___ (1992), **92 JTS 149.** El Tribunal basó su orden en la declaración jurada prestada por el agente Hilario Marrero Rivera, la cual se basó en hechos alegadamente percibidos por el agente.

En su resolución el Tribunal de Instancia señaló que el promovente de una moción de supresión de evidencia que alega insuficiencia o hechos falsos en la declaración jurada que fundamenta la orden de allanamiento, tiene que demostrar hechos falsos en su parte esencial y tiene que demostrar afirmativamente que la declaración jurada no expone hechos constitutivos de causa probable para la expedición de la orden de allanamiento██ El Tribunal entendió que la defensa no derrotó la presunción de validez de la declaración ni de la orden expedida, puesto que existió *"base razonable suficiente para expedirla".*

Los acusados-peticionarios recurren en *certiorari* ante nos alegando que erró el Tribunal al no conceder la moción de supresión de evidencia al amparo de la Regla 234 de Procedimiento Criminal. Alegan que procedía la celebración de una vista evidenciaria para atender dicha moción. El 7 de abril de 1995 expedimos una orden para mostrar causa por la cual no deberíamos conceder lo solicitado por los peticionarios. El Pueblo de Puerto Rico, representado por el Procurador General, ha comparecido en cumplimiento de nuestra orden. En su comparecencia, admite que el Tribunal de Primera Instancia debió conceder una vista evidenciaria a los fines de dilucidar credibilidad, estando presente una controversia real de hechos y que no lo hizo. Por los fundamentos que más adelante exponemos, expedimos el auto solicitado y revocamos.

Los peticionarios solicitan que se suprima la evidencia a base de la Regla 234(f) Procedimiento Criminal. La alegación va dirigida a atacar la veracidad de la afirmación hecha bajo juramento por el agente. Aducen que un hecho esencial y sustancial en la declaración del agente Hilario Marrero Rivera es falso y que sin dicho hecho esencial el Tribunal no hubiese tenido capacidad para expedir la orden.

Veamos cuál es ese hecho esencial y sustancial alegadamente falso.

Según surge del recurso, el agente Hilario Marrero Rivera en su declaración jurada, señala: que vio aparecer, el día 4 de octubre de 1994, el vehículo que fue descrito en la confidencia

recibida; que del vehículo salió un individuo y sacó un paquete plástico, compacto, color blanco, y que dicho vehículo, de acuerdo a la confidencia, era utilizado por el Sr. Eduardo Barriera para llevar medio kilo de cocaína a su casa todos los martes. Aducen los peticionarios que el día mencionado en la declaración jurada, ese vehículo se encontraba averiado en la marquesina de la residencia, razón por la cual no podía utilizarse el mismo. Siendo ello así, argumentan que el agente no pudo haberlo visto en uso. Como un elemento corroborativo de su alegación, señalan que no pudo confiscarse el vehículo porque el motor no pudo ser encendido.

En *Pueblo v. Cruz Maldonado Rivera*, ___ D.P.R.___ (1994), **94 JTS 34**, el Tribunal Supremo resuelve que luego de la enmienda a la Regla 234 de Procedimiento Criminal ya no basta con que el promovente de la moción de supresión escrita alegue uno de los fundamentos que se enumeran en la referida regla. Ahora la citada regla exige que se expongan los hechos precisos o razones específicas que sostengan el fundamento o fundamentos en que se basa la moción. El promovente de la misma debe demostrar que existe una controversia sustancial de hecho que haga necesaria la celebración de una vista evidenciaria. Más importante aún, en ausencia de esa demostración por parte de la defensa, el Tribunal deberá poder resolver la moción de supresión a base de los escritos presentados por las partes: esto es, sin la celebración de una vista evidenciaria. El Tribunal Supremo determina que esta norma es congruente con la norma jurisprudencial a los efectos de que el promovente de una moción de supresión en situaciones en que el allanamiento en controversia fue realizado en virtud de orden judicial previa, tiene la obligación de demostrar que el registro e incautación de la evidencia fue irrazonable y por consiguiente, ilegal. *Pueblo v. Vazquez Méndez*, 117 D.P.R. 170, 177 (1986).

En el caso ante nos, los peticionarios expusieron los hechos específicos en que basan su alegación de la ilegabilidad de la expedición de la orden de allanamiento. Presentaron hechos específicos que reflejan la presencia de una controversia real de hechos. Ante el estado de circunstancias descrito, la celebración de una vista evidenciaria era necesaria para dilucidar los señalamientos de los peticionarios.

Por todas estas razones se expide el auto solicitado y se dicta sentencia revocando la resolución recurrida. Se ordena al foro de instancia que celebre una vista evidenciaria a los efectos de dilucidar los señalamientos planteados en la moción de supresión de evidencia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

## ESCOLIOS 95 DTA 136

1. *Pueblo v. Vázquez*, 117 D.P.R. 170 (1987); *Pueblo v. Luciano Arroyo*, 83 DPR 573 (1961)

2. Ley Núm. 65 de 5 de julio de 1988 que enmendó el párrafo final de la citada regla: *"En la moción de supresión de evidencia se expone lo siguiente: los hechos precisos o razones específicas que sostengan el fundamento o fundamentos en que se basa la misma. El Tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud".*