OPINION
Defendant-appellant, Oakie Bowyer, III, was charged with possession of cocaine in violation of R.C. 2925.11(C)(4)(a). After his motion to suppress evidence was overruled, defendant entered a plea of no contest and was found guilty and sentenced accordingly.
Defendant appeals, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN FAILING TO SUPPRESS EVIDENCE TAKEN IN AN UNLAWFUL SEIZURE. THIS DECISION VIOLATED THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.
On July 26, 1999, at about 6:20 p.m., plain clothed officers were working on narcotics enforcement at a street-level basis and watching a repudiated crack house around which narcotics and prostitution arrests had been made. They were watching by binoculars about one city block away. They observed defendant ride on a bicycle up to several men loitering in the area and engage them briefly in conversation. No actual exchange was observed, but they did observe him get back on his bicycle and ride away holding something in his right hand. The officers suspected defendant had just purchased a narcotic. They described as a common practice the purchaser holding crack cocaine in his hand so that if approached by police, he could destroy the evidence.
Officers caught up with defendant and one officer grabbed him by the left wrist and another by the right wrist. He was "asked" to open his hand. When he did, a folded piece of brown paper fell to the ground. An officer recovered it finding it contained a piece of crack cocaine. Defendant was then arrested.
Although an officer said that they asked him to open his hand, the officer admitted that he would expect defendant to comply so that he would be unable to destroy evidence.
When a warrantless search has occurred, the government carries the burden of justifying the actions of police officers.Chimel v. California (1969), 395 U.S. 752, 762. The government must demonstrate that their agents had probable cause for their actions and they must prove probable cause by a preponderance of the evidence. United States v. Finefrock (C.A.10, 1982),668 F.2d 1168, 1170. The shifting of the burden of proof to the state "flows from the presumption that searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well delineated exceptions."City of Xenia v. Wallace (1988), 37 Ohio St.3d 216, 218.
In this case there was a reasonable basis to suspect criminal activity, i.e., that a drug transaction may have taken place because of the nature of the location and the activities that in the eyes of experienced police officers resembled a drug purchase. Thus it was reasonable for the trial court to find that there could be a "Terry stop" and an investigation. See Terry v.Ohio (1968), 392 U.S. 1. However, at this point there was only a reasonable suspicion, but not probable grounds for an arrest. No criminal conduct had been observed, nor was there any contraband in plain view. The only search allowed at this point was for weapons.
Two officers grasped both of defendant's wrists and ordered him to open his clenched fists for them to examine what was contained therein. (Although called a request, it was really an order which the officers expected to be obeyed.) Defendant dropped the brown paper, which an officer then searched, and found it contained a piece of crack cocaine.
The state seeks to justify this search on several grounds, none of which bear Fourth Amendment scrutiny.
I. Defendant had abandoned the property.
Defendant was essentially forced to open his hands to drop the brown paper. It was not a voluntary act as defendant was being forcefully restrained and his refusal would likely have resulted in further police action. Even though an officer may have reasonable and articulable suspicion to stop a suspect and conduct a "Terry" search for possible weapons, that officer cannot expand the protective frisk into a general search to discover evidence or contraband. State v. Oborne (1994), 99 Ohio App.3d 577. The search of defendant's hand while he was under restraint is no different than if they had reached into his pocket to search for drugs that he may have purchased. His relinquishment of the brown paper in his hand did not constitute an abandonment of the property. SeeSmith v. Ohio (1990), 110 S.Ct. 1288.
 II. The intrusion was limited and minimal and thus not a violation of the Fourth Amendment.
This argument begs the question. There was a search of defendant that extended beyond anything allowed by Terry, or theFourth Amendment. The situation is somewhat comparable to that ofSibron v. Terry (1968), 392 U.S. 40. In Sibron, the court found that there was even insufficient justification for a Terry-type detention, let alone a basis to warrant an intrusion by the police that constituted a search for contraband, not weapons.
 III. The seizure was lawful due to exigent circumstances, i.e., to prevent destruction of evidence.
The exigent circumstances justification for a warrantless search does not apply when there is no probable cause to arrest, and only suspicion that criminal activity has taken place or that the defendant may have possession of contraband. Exigent circumstances are not a valid exception to the Fourth Amendment rights of defendant under the circumstances.
Defendant's assignment of error is sustained. The judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.
BROWN, J., concurs.
BOWMAN, P.J., concurs separately.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.