ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL IV**

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br>RECURRIDA(S)<br><br>V.<br><br>**PEDRO ÁNGEL PAGÁN OTERO**<br>ACUSADA(S)-PETICIONARIA(S) | **KLCE202401056** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **ARECIBO**<br><br>Caso Núm.<br>**C SC2024G0066-0068** (302)<br><br>Sobre:<br>Art. 401 Ley 4 (3 cargos) |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

*Barresi Ramos*, juez ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 16 de octubre de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **PEDRO ÁNGEL PAGÁN OTERO** (señor **PAGÁN OTERO**) mediante una *Petición de Certiorari* interpuesta el 30 de septiembre de 2024. En su recurso, nos solicita que revisemos la *Resolución* emitida el 11 de septiembre de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Arecibo.[1] Mediante la aludida decisión, el foro *a quo* declaró no ha lugar la *Moción sobre Supresión de Evidencia* presentada el 11 de junio de 2024 por el señor **PAGÁN OTERO**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 12 de septiembre de 2024. Apéndice de la *Petición de Certiorari*, págs. 20- 33.

## - I -

El 3 de abril de 2024, se celebró vista preliminar.[2] En dicha audiencia, se determinó la existencia de causa probable para acusar por tres (3) cargos bajo el Artículo 401 de la Ley Núm. 4, de 23 de junio de 1971, según enmendada, conocida como la *Ley de Sustancias Controladas de Puerto Rico*. Así las cosas, el 5 de abril de 2024, se presentaron tres (3) acusaciones, por hechos acontecidos el 19 de febrero de 2024, por trasgredir el Artículo antes mencionado.[3]

Posteriormente, el 11 de junio de 2024, el señor **PAGÁN OTERO** presentó *Moción sobre Supresión de Evidencia*.[4] Alegó que el testimonio del agente EDGARDO RÍOS MALDONADO (agente RÍOS MALDONADO) constituye uno estereotipado que meramente versa sobre los elementos del delito y los alegados fundamentos para intervenir con el señor **PAGÁN OTERO**. Manifestó que lo relatado por el agente RÍOS MALDONADO carece de toda credibilidad y utilizó la excusa de haber presenciado un "acto ilegal a plena vista" para justificar su intervención con el señor **PAGÁN OTERO.**

El 26 de junio de 2024, **EL PUEBLO DE PUERTO RICO (EL PUEBLO)** presentó su *Oposición a Moción de Supresión de Evidencia*.[5] Sostuvo que, en este caso, el testimonio del agente RÍOS MALDONADO fue uno completo, amplio, robusto y creíble. Por su observación y/o percepción tenía motivos fundados para intervenir con el señor **PAGÁN OTERO.** Esto es, observó en su inmediata presencia la comisión de un acto ilegal (posesión de sustancias controladas).

Más tarde, el 28 de agosto de 2024, se celebró la audiencia sobre supresión de evidencia. Escuchado el testimonio del agente RÍOS MALDONADO y revisado la evidencia de las partes, se declaró no ha lugar la solicitud de

---

[2] *Íd.*, págs. 1- 3.
[3] Apéndice de la *Petición de Certiorari*, págs. 4- 9.
[4] *Íd.*, págs. 10- 13.
[5] *Íd.*, págs. 14- 18.

supresión de evidencia. El 11 de septiembre de 2024, se dictaminó la *Resolución* impugnada.

Inconforme, el 30 de septiembre de 2024, el señor **PAGÁN OTERO** recurrió ante este foro intermedio revisor señalando el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al declarar sin lugar la solicitud de supresión de evidencia a pesar de que el testimonio del agente Ríos Maldonado se trata del típico testimonio estereotipado sobre un supuesto acto ilegal realizado a plena vista.

El 3 de octubre de 2024, pronunciamos *Resolución* concediendo un término hasta el 10 de octubre de 2024, a las 5:00 de la tarde, para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen impugnando. El 10 de octubre de 2024, **EL PUEBLO** presentó su *Escrito en Cumplimiento de Orden*.

Evaluado concienzudamente el expediente del caso, habiendo escuchado la grabación de la audiencia celebrada el 28 de agosto de 2024, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *Certiorari*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[6] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[7]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[8] Empero, el ejercicio de la discreción concedida "no implica la potestad de

---

[6] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[7] *Íd.*
[8] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).

actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[9]

La Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[10]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[11] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[12] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[13]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[14] Esto es, "que el

---

[9] *Íd.*

[10] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

[11] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).

[12] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).

[13] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.

[14] *García v. Asociación*, 165 DPR 311, 322 (2005).

tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[15]

### - B – Regla 234 de las de Procedimiento Criminal

El Artículo II, Sección 10, de la Constitución del Estado Libre Asociado de Puerto Rico instituye que sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo el lugar a registrarse, y las personas a detenerse.[16] Este derecho constitucional protege a los ciudadanos contra todo registro y allanamiento irrazonable por parte del Estado. De modo que, en nuestro ordenamiento jurídico se presume irrazonable y, en consecuencia, inválida, toda incautación que se realice sin orden judicial previa.[17]

La Regla 234 de las de Procedimiento Criminal es el mecanismo procesal mediante el cual se puede reclamar los derechos de la aludida disposición constitucional.[18] La antedicha Regla provee un mecanismo para

---

[15] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[16] *Pueblo v. Cruz Calderón*, 156 DPR 61 (2002).

[17] *E.L.A. v. Coca Cola Bott. Co.*, 115 DPR 197, 207 (1984).

[18] 34 LPRA Ap. II, R. 234. La Regla 234 sobre allanamiento y moción de supresión de evidencia enuncia:

"La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.

En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o los fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud y celebrará una vista evidenciaria ante un magistrado distinto al que atenderá el juicio, cuando se trate de evidencia incautada mediando una orden judicial y la parte promovente demuestre que existe una controversia sustancial de hechos que haga necesario la celebración de la vista; en ausencia de tal demostración, el tribunal podrá adjudicar la moción sin vista previa utilizando como base los escritos presentados por las partes.

que un ciudadano pueda solicitar la supresión de evidencia material (objetiva) y testifical antes de que se celebre el juicio. La celebración de una audiencia previa al juicio persigue fomentar la economía procesal y "...sería contrario a esas economías el tener que esperar al día del juicio para hacer una pausa en el mismo, con el propósito de dilucidar una cuestión colateral sobre admisibilidad, cuyo ofrecimiento en el juicio era anticipable".[19]

Se ha reconocido que en aquellos casos en que el Estado efectúa un registro o incautación sin orden judicial previa, se instaura una presunción rebatible de invalidez a favor del acusado.[20] Ello obliga a El Pueblo o Ministerio Público probar la legalidad y razonabilidad de la actuación del Estado y rebatir la presunción de invalidez evidenciando la existencia de alguna circunstancia excepcional que justifique la actuación sin orden previa.[21] En la audiencia sobre supresión de evidencia la controversia versa sobre la legalidad o razonabilidad del registro efectuado. La determinación de suprimir la evidencia le corresponde al tribunal de instancia dado que es una cuestión estrictamente de derecho.

– III –

En este caso, el señor **PAGÁN OTERO** planteó que el foro de instancia incidió al declarar sin lugar su solicitud de supresión de evidencia a pesar de que el testimonio del agente RÍOS MALDONADO es el típico testimonio estereotipado sobre un supuesto acto ilegal realizado a plena vista.

---

El tribunal vendrá obligado a celebrar una vista evidenciaria con antelación al juicio, y ante un magistrado distinto al que atenderá el juicio, cuando se trate de evidencia incautada sin previa orden judicial si en la solicitud la parte promovente aduce hechos o fundamentos que reflejan la ilegalidad o irrazonabilidad del registro, allanamiento o incautación. El Ministerio Público vendrá obligado a refutar la presunción de ilegalidad del registro o incautación y le corresponderá establecer los elementos que sustentan la excepción correspondiente al requisito de orden judicial previa.

De declararse con lugar la moción, la propiedad será devuelta, si no hubiere fundamento legal que lo impidiere, y no será admisible en evidencia en ningún juicio o vista. La moción se notificará al fiscal y se presentará cinco (5) días antes del juicio a menos que se demostrare la existencia de justa causa para no haberla presentado dentro de dicho término o que el acusado no le constaren los fundamentos para la supresión, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal".

[19] *Pueblo v. Blasé Vázquez*, 148 DPR 618 (1999).
[20] *Pueblo v. Malavé González*, 120 DPR 470 (1988).
[21] *Pueblo v. Vázquez Méndez*, 117 DPR 170, 177 (1986).

De otro lado, **EL PUEBLO** adujo que el señor **PAGÁN OTERO** se encontraba en un lugar público, al aire libre, cuando fue observado por el agente **RÍOS MALDONADO**, quien pudo apreciar la caja plástica en la cual poseía varias bolsitas y empaques de lo que aparentaba ser marihuana y cocaína, así como una mochila. Al señor **PAGÁN OTERO** percatarse del agente **RÍOS MALDONADO**, huyó arrojando la caja plástica y la mochila, y se cayó en el área de la grama. Al caer fue alcanzado por el agente **RÍOS MALDONADO** quien lo arrestó.

Como cuestión de umbral, ante el hecho de que el recurso es una *Petición de Certiorari*, debemos determinar si procede su expedición. Es sabido que un tribunal intermedio revisor no intervendrá con el ejercicio de la discreción (manejo de sala) de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, o actuó con prejuicio o parcialidad, o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y nuestra intervención en esa etapa evitará un perjuicio sustancial.

El señor **PAGÁN OTERO** no ha demostrado que el foro de instancia actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. Nada en el expediente o la grabación de la audiencia nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Sus planteamientos no nos mueven para inmiscuirnos en el manejo del caso o en la discreción del(de la) juez quien presidió la sala y celebró una audiencia el 28 de agosto de 2024 para dirimir la controversia sobre la solicitud sobre supresión de evidencia. De igual modo, no se reúnen los criterios contemplados por la Regla 40 del Reglamento del Tribunal de Apelaciones, así como los doctrinales en la *Resolución* recurrida que precise nuestra intervención.

Aquilatamos que, con esta decisión, no hemos prejuzgado los méritos de la controversia, por lo que las partes conservan su derecho de presentar

nuevamente estos y otros señalamientos, de entender necesario, en un recurso apelativo posterior.

– **IV** –

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *Certiorari* incoado el 30 de septiembre de 2024. En consecuencia, deberá proseguirse con los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de Arecibo.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones