En el Tribunal Supremo de Puerto Rico

| El Pueblo de Puerto Rico Recurrido<br><br>V.<br><br>Víctor Blase Vázquez Peticionario | Certiorari<br><br>99 TSPR 98 |
| --- | --- |

Número del Caso: CC-1996-0398

Abogados de la Parte Peticionaria: Lcdo. Francisco A. Borelli irizarry
                                    Lcdo. Angel Vital Vázquez

Abogados de la Parte Recurrida:    Hon. Carlos Lugo Fiol,
                                   Procurador General
                                   Lcdo. Angel Rivera Rivera,
                                   Procurador General Auxiliar

Tribunal de Instancia, Sala Superior de Carolina

Juez del Tribunal de Primera Instancia: Hon. Eliadis Orsini Zayas

Tribunal de Circuito de Apelaciones: Circuito Regional VII

Panel Integrado por:     Hon. Arbona Lago
                         Hon. Negroni Cintrón
                         Hon. Salas Soler

Fecha: 6/23/1999

Materia: Ley de Armas

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Demandante-Recurrido

       v.                         CC-96-398        Certiorari

Víctor Blase Vázquez

    Demandado-Peticionario

Opínión del Tribunal emitida por el Juez Presidente señor Andréu García

San Juan, Puerto Rico a 23 de junio de 1999

Este recurso permite que nos expresemos en cuanto a la norma adoptada en <u>Pueblo</u> v. <u>Maldonado Rivera</u>, Op. de 25 de marzo de 1994, 135 D.P.R. ___ (1994), 94 J.T.S. 39. Particularmente, respecto a la facultad que le reconociéramos a los tribunales para resolver las mociones de supresión de evidencia a base de los escritos presentados, sin necesidad de celebrar vista evidenciaria, en aquellos casos en que de tales escritos no surge que existe una controversia sustancial de hechos que haga necesaria la celebración de la vista. Hoy resolvemos que la mencionada norma no aplicará a casos en los que la solicitud de supresión de evidencia se basa en la ausencia de orden judicial previa para realizar el registro o allanamiento, que produce la incautación de la evidencia cuya supresión se solicita, y en esta se incluyen hechos o fundamentos que hacen el registro ilegal. Veamos los hechos que originan la presente controversia, según

surgen de la declaración jurada del guardia municipal Héctor Martínez Bracetty.

## I.

El 31 de marzo de 1996, a eso de las once de la noche, Martínez Bracetty se encontraba patrullando en su vehículo oficial cuando recibió una llamada radiotelefónica del retén del cuartel al que estaba adscrito.[1] Éste le indicó que había recibido una confidencia anónima informándole que unos jóvenes estaban usando sustancias controladas en un área recreativa del edificio Laguna Gardens I en Isla Verde. De acuerdo con la información ofrecida, uno de los jóvenes era de baja estatura y vestía pantalones cortos, un "jacket" oscuro y una gorra blanca.

Martínez Bracetty fue al lugar para investigar. Allí pudo observar que en el parque recreativo del edificio, el cual supuestamente estaba iluminado, había tres jóvenes, de los cuales uno –el aquí peticionario, señor Víctor Blase Vázquez– tenía un aspecto que coincidía con la descripción ofrecida en la confidencia. Declaró Martínez Bracetty que comenzó a hablar con el peticionario y notó que estaba nervioso. Según sostuvo, mientras conversaban, el peticionario hizo un movimiento con la intención de voltearse y en ese momento, por el frente del pantalón, se le cayó al suelo un revólver. Martínez Bracetty ocupó el arma y arrestó al peticionario. Le preguntó si tenía licencia para portar el arma y él respondió que no.

Luego de la correspondiente vista preliminar[2], el peticionario fue acusado de infringir los artículos 6 y 8 de la Ley de Armas de Puerto Rico, Ley Núm. 17 de 19 de enero de 1951, 25 L.P.R.A. §§ 416, 418 (1979 y Supl. 1997).

El peticionario presentó oportunamente una moción de supresión de evidencia al amparo de la Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.234 (1991). Planteó que el arma ocupada era inadmisible como evidencia de los delitos imputados porque fue obtenida como consecuencia de un registro ilegal. Argumentó que la declaración

---

[1] **No se consigna en la declaración jurada el nombre del oficial que transmitió la información.**
[2] **La vista preliminar se celebró el 21 de mayo de 1996.**

jurada del guardia Martínez Bracetty es insuficiente de acuerdo con la doctrina de testimonio estereotipado. Apoyó su teoría en el testimonio que Martínez Bracetty ofreció durante la vista preliminar. Según expuso el peticionario:

> En el contrainterrogatorio [en vista preliminar], el guardia declaró que la confidencia recibida fu[e] de que había[] unos jóvenes vendiendo o utilizando sustancias controladas. Que no arrestó a nadie por sustancias controladas. Que no ocupó sustancias controladas. Que le tiraron [e]sa información por radio. Que él se fu[e] a investigar sólo. Que no anotó en ningún papel la información recibida. Que con relación a [e]ste caso preparó un informe de delito. Que [e]se informe de delito fu[e] el primer escrito que hizo. Que en [e]se informe se pone lo que sucedió. Cuando preparó ese informe los hechos estaban bien frescos en su memoria. Se le confrontó con el informe y acepta que en el mismo no puso que había recibido una confidencia por radio, no puso descripción de ningún individuo ni tampoco puso que el revólver se había ca[í]do al piso.[3]

A base de este testimonio, el peticionario plantea que la información consignada en la declaración jurada es falsa y fue ofrecida con el propósito de justificar el arresto del peticionario sin orden judicial previa. Consecuentemente, le solicitó al tribunal que ordenara la celebración de una vista antes del juicio para resolver la moción de supresión.

El 8 de agosto de 1996, día señalado para el juicio, presentes las partes, el tribunal de instancia determinó que las alegaciones contenidas en la moción de supresión eran suficientes, por lo que le concedió al Ministerio Público diez días para replicar y pospuso la celebración del juicio para el 28 de agosto siguiente.

En su escrito, el Ministerio Público se limitó a responder, en la parte pertinente, lo siguiente:

> 2. Que los argumentos de la defensa son vanos [sic] e imprecisos, ya que la regla 11 de Procedimiento Criminal y los casos que le sustentan dejan claro cu[á]ndo se puede hacer un arresto sin orden previa. . .

> 3. Que los hechos que dan lugar al presente caso, fueron [narrados] por el testigo, mediante testimonio ante el Honorable Tribunal de Vista Preliminar y declaración Jurada, y ello[s] denotan claramente, que el agente del orden público, estaba en el lugar de los hechos y observó la comisión de un delito a plena vista, independientemente

---

[3] **Anejo II, pág. 3, <u>Moción de Supresión de Evidencia al Amparo del Artículo II Sección 10 de la Constitución de Puerto Rico, la 4ta y la 14ta Enmienda de la Constitución de Estado Unidos y la Regla 6.9 de Menores</u>, en la pág. 2 (énfasis omitido).**

si el delito fuera grave o menos grave, o sea aquí no hubo tal registro para arresto. Se cometi[ó] el delito y luego se arresta, por lo que también el arresto es razonable. Cumpliendo con el Artículo . . . [II,] Sección 10 de la Constitución de Puerto Rico.

4. Que lo que plantea la defensa es para dilucidarse en un juicio en su fondo ya que se trata de cuantun [sic] de la prueba y no de la ilegalidad de un registro y/o allanamiento y si acaso, credibilidad.[4]

El 28 de agosto de 1996, las partes comparecieron nuevamente ante el tribunal para la celebración de juicio. En esa ocasión, el tribunal denegó sumariamente la moción de supresión de evidencia y dictó la siguiente resolución en corte abierta:

Analizadas las alegaciones por escrito, independientemente del derecho que le asiste a todo acusado en el curso de un juicio en su fondo, y a reproducir o levantar alegaciones de supresión de evidencia si fuera el caso[,] . . . [e]l tribunal dispone que no se le celebrará vista por separado.[5]

De esta Resolución recurrió el peticionario ante el Tribunal de Circuito de Apelaciones, argumentando que el tribunal de instancia había incidido al negarse a ordenar la celebración de una vista para adjudicar la moción. Ese foro confirmó la resolución recurrida al determinar que el peticionario no lo puso en condiciones de resolver. Inconforme, el peticionario recurre ante esta Curia.[6]

En su alegato, el peticionario se ampara en la norma establecida en Pueblo v. Vázquez Méndez, 117 D.P.R. 170, 177 (1986), respecto a la obligación del Ministerio Público de rebatir la presunción de invalidez de toda incautación realizada sin orden judicial, para reclamar que tiene derecho a una vista evidenciaria antes del juicio. Su argumento principal es que, una vez establecido el hecho básico de que la prueba objetada fue ocupada sin orden previa de arresto o de registro, el tribunal tiene la

---

[4] Anejo 8, Apéndice, en la pág. 48.

[5] Anejo 5, Apéndice, en la pág. 12 (énfasis nuestro).

[6] El peticionario señala ante nosotros el siguiente error:

Err[ó] el honorable Tribunal de Circuito de Apelaciones al no expedir un recurso de certiorari presentado por el acusado peticionario, y al considerar como sustancialmente correcta la Resolución del tribunal de instancia declarando no ha lugar de plano una moci[ó]n de supresi[ó]n de evidencia y neg[á]ndole a la defensa la celebraci[ó]n de una vista antes del juicio para considerar los planteamientos de la misma, a[ú]n cuando el propio tribunal de instancia reconoci[ó] que las alegaciones contenidas en dicha moci[ó]n eran suficientes para considerarla.
Escrito de Petición de Certiorari, en la pág. 6.

obligación de celebrar una vista para resolver la moción de supresión. Veamos.

## II.

La sección 10 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico establece, en lo pertinente, lo siguiente:

> No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables.
> . . . .
> Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse.
> La evidencia obtenida en violación de esta sección será inadmisible en los tribunales.

"En términos prácticos, . . . [esta] disposición constitucional pretende impedir que el Estado interfiera con la intimidad y libertad de las personas excepto en aquellas circunstancias en las que el propio ordenamiento lo permite." Pueblo v. Yip Berríos, Op. de 30 de enero de 1997, 142 D.P.R. ___ (1997), 97 J.T.S. 14, en la pág. 567.

La Regla 234 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.234 (1998), es el medio práctico procesal mediante el cual un ciudadano puede reclamar los derechos que consagra la mencionada disposición constitucional. Esta regla dispone, respecto a lo que aquí nos concierne, lo siguiente:

> La persona agraviada por un allanamiento o registro ilegal podrá solicitar al tribunal . . . la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:
> (a)Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.
> [. . . .]
> (f)Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.
>
> En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud.
> [. . . .]

En casos en que se determine que la evidencia incautada fue obtenida en violación al mandato constitucional y a lo dispuesto por esta regla, el tribunal deberá suprimir la evidencia obtenida. En consecuencia, ésta no será admisible en los tribunales como prueba sustantiva de la comisión de un delito.

Esta disposición, conocida como norma de exclusión, persigue: (1) proveer un remedio efectivo a la víctima del registro y allanamiento irrazonable o ilegal; (2) evitar que el gobierno se beneficie de sus propios actos ilegales; (3) preservar la integridad del tribunal; y (4) disuadir a los oficiales del orden público a que en el futuro no repitan las acciones objeto de la impugnación.[7] Mediante esta regla un ciudadano puede solicitar, antes del juicio, la supresión de evidencia material (objetiva) y testifical. El propósito de la vista previa al juicio, en consecuencia, es tanto para fomentar la economía procesal como de recursos que se traducen en gastos. En esencia, sería contrario a esas economías el tener que esperar al día del juicio para hacer una pausa en el mismo, con el propósito de dilucidar una cuestión colateral sobre admisibilidad, cuyo ofrecimiento en el juicio era anticipable. Pueblo v. Rey Marrero, 109 D.P.R. 739, 750-51 (1980). En caso de prosperar la moción en esa etapa del proceso, ya ha tenido el efecto de sobrecargar el calendario del tribunal innecesariamente, a la vez que se incurre en considerable inversión de recursos en citaciones de testigos y jurados, y frecuentemente en las dietas a las cuales tienen éstos derecho, entre otros gastos. Sin embargo, aunque reiteradamente hemos sostenido que esta moción debe ser considerada antes de juicio, "en Puerto Rico la moción de supresión de evidencia puede presentarse en el acto de celebración de juicio, aún cuando se haya presentado y denegado previamente, si de la prueba de cargo —el examen directo y la repregunta— surge la ilegalidad del registro." Pueblo v. Hernández Flores, 113 D.P.R. 511, 514 (1982). De

---

[7] Véase, 1 ERNESTO L. CHIESA, DERECHO PROCESAL PENAL DE PUERTO RICO Y ESTADOS UNIDOS § 6.2, en las págs. 284-85 (1991).

lo contrario, se produciría un resultado injusto ya que una regla de procedimiento prevalecería sobre un derecho constitucional del acusado.

En Pueblo v. Maldonado Rivera, supra, en la pág. 11715, interpretamos liberalmente[8] la Regla 234. Allí resolvimos, a la luz de la Ley Número 65 de 5 de julio de 1988, 34 L.P.R.A. Ap. II R. 234,[9] que salvo que la parte promovente demuestre que existe una controversia sustancial de hechos que la haga necesaria, no es obligatoria la celebración de una vista evidenciaria antes del juicio para adjudicar una moción de supresión. Resolvimos, también, que para sostener la moción de supresión el promovente debe exponer "los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la [moción] . . . ."[10] En ausencia de esa demostración, el tribunal puede adjudicar la moción, a base de los escritos presentados por las partes, sin celebrar vista evidenciaria. La adopción de esa norma se basó en el siguiente razonamiento:

> En primer lugar, la misma resulta en una justificada economía procesal y en una sana y mejor administración de la justicia, por razón de tener el efecto de que el tribunal podrá disponer, con mayor rapidez, de mociones de supresión que son frívolas e infundadas. En segundo término, dicha norma no sólo ilustra de forma óptima al tribunal sobre la controversia que éste tiene que dilucidar sino que pone en condiciones al ministerio público de poder refutar, correcta y sucintamente, las alegaciones de la defensa; lo cual, naturalmente, resultará en una mejor y justa determinación judicial. [Además], dicha norma es congruente con la norma jurisprudencial a los efectos de que el promovente de una moción de supresión, en situaciones en que el allanamiento en controversia fue realizado en virtud de orden judicial previa, tiene la obligación de demostrar que el registro, y la incautación de la evidencia, fue irrazonable, y, por consiguiente, ilegal. Por último, al así resolver, estamos siguiendo la obvia intención del legislador al enmendar en el 1988 la antes citada Regla 234 de Procedimiento Criminal.
> Pueblo v. Maldonado Rivera, supra, en las págs. 11715–16 (citas y énfasis del texto original omitidos; énfasis nuestro).

---

[8] Véase, Ernesto L. Chiesa, Derecho Procesal Penal, 64 Rev. Jur. U.P.R. 899, 909 (1995).

[9] Esta ley enmendó el párrafo final de la Regla 234 y dispuso, en lo pertinente, que:

En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa [la moción de supresión]. El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud.

[10] 34 L.P.R.A. Ap. II, R. 234 (1991).

De este modo modificamos nuestra jurisprudencia anterior que sugería la obligatoriedad de celebrar una vista evidenciaria antes del juicio para resolver una moción de supresión. Véanse, e.g., Pueblo v. Rivera Rodríguez, 123 D.P.R. 467, 479 (1989); Pueblo v. Bonilla Romero, 120 D.P.R. 92, 110 (1987); Pueblo v. Rivera Rivera, 117 D.P.R. 283, 289 (1986).

Existe, sin embargo, una diferencia importante entre los hechos que dieron base a la controversia planteada en Pueblo v. Maldonado Rivera, supra, y los hechos del caso ante nuestra consideración. La prueba objetada en Pueblo v. Maldonado Rivera, supra, fue obtenida como consecuencia de un allanamiento para el cual se había expedido la correspondiente orden judicial. En el presente caso, la prueba cuya supresión se solicita fue obtenida sin previa orden de arresto o registro.

Por ello, ante la controversia presentada en el caso de epígrafe, debemos examinar la siguiente interrogante: ¿Puede el Tribunal de Primera Instancia resolver una moción de supresión de evidencia a base de los escritos presentados, sin celebrar vista, en casos en que no se ha expedido orden judicial previa para realizar el registro o allanamiento que produce la incautación de la evidencia? Resolvemos que no.

III.

En ocasión de haber interpretado el precepto constitucional que protege a las personas contra registros y allanamientos irrazonables por parte del Estado, hemos derivado la norma de que toda incautación o registro que se realice sin orden judicial previa se presume irrazonable y, por lo tanto, inválida. E.L.A. v. Coca Cola Bottling Co., 115 D.P.R. 197, 207 (1984). La presunción de invalidez beneficia al acusado y obliga al Ministerio Público a presentar evidencia para demostrar la legalidad y razonabilidad de la actuación del Estado.[11] En estos casos, el Ministerio

---

[11] **[11] Esto es contrario a los casos que existe una orden previa que produce una presunción de validez de la actuación gubernamental. Esta presunción de validez obliga a la parte promovente de la moción de supresión a presentar evidencia para rebatir la legalidad o razonabilidad de la actuación gubernamental. Véanse, Pueblo v. Vázquez Méndez, supra, en la pág. 177; Regla 15(A) de Evidencia, 32 L.P.R.A. Ap. IV, R.15(A) (1983).**

Público debe rebatir la presunción de invalidez demostrando la existencia de alguna de las circunstancias excepcionales que justifican actuar sin orden judicial previa.[12] Véase, Pueblo v. Vázquez Méndez, supra, en la pág. 177 (aplicando las Reglas 14 y 15(B) de Evidencia, 32 L.P.R.A. Ap. IV, R.13, 14 y 15(B) (1983)).

Sin embargo, aún cuando exista alguna de las circunstancias excepcionales, ello no tiene efecto alguno sobre el surgimiento de la presunción de invalidez. Es decir, la presunción se activa con la mera inexistencia de una orden judicial previa. Así pues, una vez se demuestra la inexistencia de la orden, la irrazonabilidad de la actuación gubernamental se infiere automáticamente. Luego de que se demuestre que la acción del funcionario público fue al amparo de alguna de las circunstancias especiales, que constituyen una excepción a la exigencia de orden previa, es que se afectará propiamente la existencia de esa presunción. Resulta impertinente, pues, la existencia de circunstancias excepcionales que justificaran la intervención del agente sin orden judicial, para los efectos de establecer una presunción de invalidez sobre la ocupación del arma que alegadamente se le cayó al peticionario. Precisamente, para poder rebatir la presunción automática de invalidez, es que el Ministerio Público tiene que presentar prueba de la concurrencia de alguna excepción. Lo determinante en el presente caso es entonces, el hecho incontrovertido de que no expidió orden judicial

---

[12] **Algunas de esas circunstancias excepcionales son, por ejemplo, los casos en que se trata de un registro de la persona y del área circundante, siempre que sea incidental a un arresto legal, Véase, Pueblo v. Malavé, 120 D.P.R. 470 (1988); Pueblo v. González Rivera, 100 D.P.R. 651 (1972); y Pueblo v. Sosa Díaz, 90 D.P.R. 622 (1964); cuando existe consentimiento para el registro o se ha renunciado al derecho constitucional contra registros y allanamientos irrazonables, Véase, Pueblo v. González, supra; cuando el registro ocurre en una situación de emergencia, Véase, Pueblo v. Rivera Collazo, 122 D.P.R. 408 (1988); cuando se trata de evidencia que se encuentra a plena vista, Véase, Pueblo v. Dolce, 105 D.P.R. 422 (1976); cuando la evidencia es descubierta por medio del olfato del agente, Véase, Pueblo v. Acevedo Escobar, 112 D.P.R. 770 (1982); o cuando la evidencia ha sido incautada luego de haber sido arrojada o abandonada, Véase, Pueblo v. Ortiz Zayas, 122 D.P.R. 567 (1988); Pueblo v. Ortiz Martínez, 116 D.P.R. 139 (1985). En estos casos no hay expectativa razonable de intimidad que proteger y, por lo tanto, no se configura una violación a la sección 10 del Artículo II de la Constitución de Puerto Rico.**

para el arresto o registro del peticionario. La ocupación del arma, por lo tanto, se presume inválida.

En ausencia de orden previa para la incautación del arma, le corresponde al Estado probar que existió alguna de las excepciones a la norma de exclusión. Recae pues, sobre el Estado el peso de la prueba para demostrar que los hechos particulares del caso justificaban la intervención policial.[13] Como vemos la determinación de exclusión de evidencia requiere dilucidar inicialmente cuestiones de hecho. En este aspecto tratadistas afirman: "the prosecution must prove that the facts of the instant case fall within some exception to the warrant requirement." 5 Wayne R. LaFave, Search and Seizure: A Treatise on the Forth Amendment, § 11.2(b), en la pág. 41 (1996) (énfasis nuestro).

Son precisamente los hechos particulares de cada caso los que permiten determinar si la actuación gubernamental es razonable y, por lo tanto válida, no obstante la ausencia de orden judicial. Esto no significa que la adjudicación de una moción de supresión de evidencia es de naturaleza fáctica. Por el contrario, en el pasado hemos expresado que la Regla 234 "se refiere a asuntos de derecho que hay que dirimir como paso previo a la admisibilidad de evidencia." Pueblo v. Martínez Torres, 126 D.P.R. 561, 575 (1990). No obstante, en función de establecer si hay fundamento en derecho que ordene la exclusión de la evidencia objetada, el tribunal deberá aquilatar cuestiones de hecho. Id.

Sin embargo, lo anterior no significa que, por el hecho de que la ausencia de orden judicial previa activa una presunción de irrazonabilidad de la incautación, basta que el promovente fundamente su solicitud meramente en la ausencia de orden judicial previa. Para cumplir con lo establecido en la Regla 234 deberá, además, exponer en su solicitud "los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que basa la misma."

Concluimos, pues, que al presentar una solicitud de supresión de evidencia, no basta que el acusado establezca el hecho de que la

evidencia objetada fue ocupada sin orden judicial previa de registro o allanamiento, para que proceda la celebración de una vista. El acusado deberá, además, acompañar su solicitud con hechos o fundamentos que reflejen que el registro, la incautación o el allanamiento es ilegal o irrazonable.

En el caso de epígrafe, el peticionario planteó que la información consignada en la declaración jurada era falsa y constituía testimonio estereotipado presentado, con el propósito de justificar el arresto del peticionario sin orden judicial previa. Como vemos, el peticionario fundamentó su solicitud de supresión de evidencia, no sólo en la ausencia de una orden judicial previa, sino, además, en fundamentos que controvertían la existencia de alguna de las circunstancias excepcionales que establecería la validez o legalidad de la incautación.

La solicitud del peticionario tuvo el efecto de cambiar el peso de la prueba, colocando al Ministerio Fiscal en posición de convencer al Tribunal de la legalidad de su incautación. Siendo esto así, una vez el peticionario controvirtió la legalidad de la incautación del Estado por la ausencia de una orden previa y sustentó su solicitud con fundamentos que hacían el registro ilegal, le correspondía al Ministerio Fiscal presentar evidencia y persuadir al tribunal de la legalidad de la incautación. En esos casos es necesario llevar a cabo la vista evidenciaria.[14]

---

[13] **Pueblo** v. **Vázquez Méndez**, 117 D.P.R. 170, 177 (1986).

[14] **Sobre este particular el profesor Ernesto Chiesa explica:**

> **En cuanto a la adjudicación de la moción de supresión, la Regla dispone que "el tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud". Esto significa que si a la luz de las alegaciones en la moción el peticionario no tiene derecho a la supresión, el tribunal podrá declarar sin lugar la moción sin necesidad de vista. Esto no parece ser posible en el caso de supresión de evidencia incautada sin previa orden judicial, pues aquí el ministerio fiscal tiene la obligación de presentar evidencia y de persuadir al tribunal de la validez del registro o incautación. De ahí que sea necesario considerar el asunto separadamente, esto es, si se trata de un caso de registro con o sin orden de registro. La distinción es muy importante para la adjudicación de la moción.**

> **ERNESTO L. CHIESA, DERECHO PROCESAL PENAL DE PUERTO RICO Y ESTADOS UNIDOS § 6.7, en la pág. 329–30 (1991) (énfasis nuestro).**

Nuestra posición obedece a que, según expresáramos en Pueblo v. Maldonado Rivera, supra, "el promovente de una norma de supresión, en situaciones en que el allanamiento en controversia fue realizado en virtud de orden judicial previa, tiene la obligación de demostrar que el registro, y la incautación de la evidencia, fue irrazonable, y, por consiguiente, ilegal". Id. en las págs. 11715-16 (énfasis nuestro). Al hacerlo debe demostrar que existe una controversia sustancial de hecho que haga necesaria la celebración de vista. En virtud de ello, en esos casos el peticionario debe sustentar con hechos específicos los fundamentos en los que basa su moción de supresión. Una vez lo hace, el tribunal podrá resolver la moción de supresión a base de los escritos, sin celebrar vista evidenciaria. La norma allí adoptada responde a la intención legislativa de que las mociones de supresión frívolas e infundadas no fueran utilizadas para diluir el trámite judicial.

Sin embargo, esos casos son distinguibles de los casos en los que no se ha expedido la orden judicial previa. En estos casos basta con que el promovente sustente su moción en la ilegalidad de la incautación por la ausencia de orden judicial previa y exponga hechos o fundamentos que harían el registro ilegal o irrazonable. Esto, automáticamente, impone el peso de la prueba sobre el Estado, que deberá probar la razonabilidad de su intervención. El tribunal, entonces, está obligado a celebrar vista evidenciaria para resolver la moción de supresión.

No hay duda de que una conclusión contraria restaría vitalidad y utilidad práctica a la Regla 234 y a la norma que impone el peso de la prueba al Estado en casos en los que alguno de sus funcionarios ha incautado evidencia sin orden judicial previa. Ello considerando que éstas son normas que favorecen al acusado, en virtud del principio cardinal de que la necesidad de una orden judicial previa, obedece a la política pública de rango prioritario que exige la protección de la integridad, dignidad e intimidad del ser humano, interponiendo la figura del juez, como garantía de razonabilidad, a la intervención del Estado. Pueblo v. Dolce, 105 D.P.R. 422 (1976).

Resolvemos, pues, que la parte promovente de una moción de supresión, en aquellos casos en que la evidencia obtenida fue producto de una incautación sin orden judicial previa, no tiene que demostrar que existe una controversia sustancial de hechos para que sea obligatoria la celebración de una vista. En esos casos bastará que el peticionario, en su solicitud, además de alegar que hubo ausencia de orden judicial previa, exponga los hechos o fundamentos que hacen la incautación, el registro o el allanamiento irrazonable. En la vista, le corresponderá al fiscal establecer los elementos que sustentan la excepción correspondiente al requisito de orden judicial previa.

Por los anteriores fundamentos, procede dictar sentencia revocatoria y ordenando la devolución del caso al Tribunal de Primera Instancia, Sala Superior de Carolina, para la continuación de los tramites ulteriores pertinentes de conformidad con la Opinión del Tribunal.

JOSÉ A. ANDRÉU GARCÍA
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Demandante-Recurrido

      v.                        CC-96-398      Certiorari

Víctor Blase Vázquez

    Demandado-Peticionario

SENTENCIA

San Juan, Puerto Rico a 25 de junio de 1999

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia revocatoria y se ordena la devolución del caso al Tribunal de Primera Instancia, Sala Superior de Carolina, para la continuación de los trámites ulteriores pertinentes de conformidad con la Opinión del Tribunal.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asocidos señores Hernández Denton y Fuster Berlingeri concurren en el resultado sin opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo