**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEVEN BLAIR SPEAL,

Defendant-Appellant.

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LATONIA EDNA BENSON,

Defendant-Appellant.

Nos. 00-3202 & 00-3362
(D.C. No. 00-CV-3053-MLB)
(D. Kan.)

No. 00-3277
(D.C. No. 00-CV-3101)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** , Senior Circuit Judge.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

**Appeal No. 00-3202**

In appeal No. 00-3202, Steven Blair Speal, a federal inmate appearing pro se, seeks a certificate of appealability (COA) in order to appeal the district court's order dismissing his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B). Because Speal has not "made a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss this appeal. *Id*. § 2253(c)(2).

Speal was convicted of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846; possession with intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. § 841(a)(1); possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and two counts of possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to life imprisonment without possibility of parole. The facts surrounding Speal's arrest and conviction are set forth in *United States v. Speal*,

No. 97-3344, 1998 WL 886757 (10th Cir. Dec. 21, 1998) (unpublished), in which this court affirmed his conviction and sentence on direct appeal.

In his § 2255 motion, Speal claims ineffective assistance of counsel based on counsel's failure (1) to move for dismissal of firearms counts VI and VII on the ground that they were multiplicitous of firearm Count V; (2) to move for severance after the admission of statements made by his non-testifying co-defendant, which he claims were hearsay in violation of *Lilly v. Virginia*, 527 U.S. 116 (1999), and incriminated him in violation of *Bruton v. United States*, 391 U.S. 123 (1968); (3) to object to an allegedly factual mistake in the prosecutor's closing argument; (4) to raise on appeal a claim that there was insufficient evidence to convict him; and (5) to claim that the prosecution failed to meet its burden of proof because the jury was not required to make a finding that his conduct affected interstate commerce.

In a thorough order, the district court examined each of Speal's claims and concluded that he was not entitled to relief. This court has considered the parties' briefs, the district court's order, and the entire appellate record. Our review demonstrates that the issues Speal seeks to raise on appeal are not debatable among jurists, deserving of further proceedings, or subject to a different resolution on appeal. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Only one issue is even deserving of further comment: No doubt because Speal's interstate

-3-

commerce argument was vague and untethered to any facts, the district court did not squarely address his assertion that an interstate commerce nexus is an essential element of his § 841(a) convictions. Nevertheless, this contention is without merit. This court has held that § 841(a)(1) is within Congress's power to regulate interstate commerce. *See United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir. 1995). Accordingly, a conviction under § 841(a) does not require individualized proof that the crime substantially affected interstate commerce. *See United States v. Lane*, 883 F.2d 1484, 1492 (10th Cir. 1989) ("When Congress enacts a statute under its commerce power, it is not constitutionally obligated to require proof beyond a reasonable doubt that each individual act in the class of activities regulated had an effect on interstate commerce"); *cf. United States v. Janus Ind.*, 48 F.3d 1548, 1556 (10th Cir. 1995) (noting that drug trafficking laws under 21 U.S.C. §§ 801 *et seq*. require no finding of individualized interstate commerce because these laws regulate a class of intrastate activities that *per se* affect interstate commerce).

Additionally, Speal has raised for the first time on appeal claims arising under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), claiming that the drug quantity in his § 841 charges were not sufficiently specified in the indictment nor made an essential element of the charges in the jury instructions. This court has not yet determined whether *Apprendi* is retroactively available in an initial habeas

-4-

motion. *See Browning v. United States*, 241 F.3d 1262, 1264 (10th Cir. 2001). Similarly, we have not considered whether a failure to raise *Apprendi* on direct appeal bars habeas review under the rules governing procedural defaults. However, because Speal did not raise any sort of challenge regarding drug quantity in his habeas motion below, we decline to address it here. *See Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 814 n. 22 (10th Cir. 1995) (noting that in the absence of extraordinary circumstances this court will not consider issues raised for the first time on appeal).

Because Speal has not made a substantial showing of the denial of a constitutional right, he is not entitled to a COA. Accordingly, this court DENIES Speal's request to proceed *in forma pauperis*, DENIES his request for a COA, and DISMISSES this appeal.

## Appeal No. 00-3362

In his companion appeal No. 00-3362, Speal appeals the district court's denial of his motion to proceed *in forma pauperis* in the appeal of his § 2255 motion. The district court concluded that Speal had failed to comply with the requirements of 28 U.S.C. § 1915(a)(1) and (2) and it certified in writing that the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3) and Fed. R. App. 24(a)(3). Contrary to Speal's contention, the district court did not deny his *in forma pauperis* request under the Prison Litigation and Reform Act of

1995. Because the district court applied the correct legal standards and we find no error with its finding that Speal's § 2255 appeal was not taken in good faith, we affirm.

**Appeal No. 00-3277**

In this related appeal, Speal's co-defendant, Latonia E. Benson, a federal inmate appearing pro se, also seeks a COA in order to appeal the district court's order dismissing her § 2255 motion. Benson was convicted of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846; and possession with intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. § 841(a)(1). Her conviction and sentence were affirmed in *United States v. Benson*, No. 97-3354, 1998 WL 886763 (10th Cir. Dec. 21, 1998) (unpublished).

In her § 2255 motion, she claims (1) that her trial counsel was ineffective because he failed (a) to move for suppression of her post-arrest statements on the grounds that she had requested an attorney; and (b) to object when the district courts considered her failure to testify at sentencing when it denied her request for a "minor participant" sentence reduction under U.S. Sentencing Guidelines Manual § 3B1.2; (2) that her appellate counsel was ineffective for failing to raise these ineffective assistance claims on direct appeal; and (3) that the prosecution failed to sustain its burden of proof because the jury instructions did not require

-6-

the jury to find an interstate commerce nexus as an essential element of the § 841(a) charges against her.

Again, the district court addressed and rejected each of Benson's arguments in a thorough order. While it did not squarely address Benson's interstate commerce claim, we have already explained above why this issue is without merit. It is also worth noting that, with respect to Benson's claim regarding to her refusal to testify at sentencing in support of her requested sentence reduction, the district court correctly anticipated this court's recent holding in *United States v. Constantine*, No. 00-2115, 2001 WL 909010 (10th Cir. Aug. 13, 2001). In that case, this court held that the sentencing court's denial of a requested downward departure based on the defendant's failure to carry his burden of proof as a consequence of his silence at sentencing is not a violation of the defendant's Fifth Amendment right to remain silent under *Mitchell v. United States*, 526 U.S. 314 (1999). *Id*. at *5.

As did her co-defendant, Benson also raises *Apprendi* claims for the first time on appeal, asserting that the drug quantities in the § 841 charges against her were not sufficiently specified in the indictment or jury instructions. For the same reasons set forth in our resolution of Speal's appeal No. 00-3202, we decline to address these claims because Benson did not raise any sort of challenge regarding drug quantity in her habeas motion. *See Smith*, 50 F.3d at 814 n. 22.

Upon review of the record and the parties' briefs, this court finds that the issues Benson seeks to raise on appeal are not debatable among jurists, deserving of further proceedings, or subject to a different resolution on appeal. *See Slack*, 529 U.S. at 484. Accordingly, this court DENIES Benson's request to proceed *in forma pauperis*, DENIES her request for a COA, and DISMISSES this appeal.

Entered for the Court


Wade Brorby
Senior Circuit Judge